23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 William P. SUTHERLAND, Plaintiff-Appellant,
v.
William OVERTON, Warden, et al., Defendants-Appellees.
 No. 93-2013.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1994.
 
 Before: MERRITT, Chief Judge; MILBURN and SILER, Circuit Judges.
 
 ORDER
 
 1
 William P. Sutherland, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking injunctive, declaratory, and monetary relief, Sutherland sued multiple prison and medical officials contending that they demonstrated a deliberate indifference to his medical needs by not placing him in a smoke-free environment. The defendants were sued in their official and individual capacities. The defendants filed a motion for summary judgment which Sutherland opposed. Subsequently, the district court granted summary judgment for the defendants.
 
 
 3
 In his timely appeal, Sutherland essentially argues that the district court erred: (1) by not conducting an evidentiary hearing prior to granting defendants' motion for summary judgment; (2) by concluding that he did not have a medical condition which required a smoke-free environment; (3) by concluding that he was placed in a non-smoking unit; and (4) by failing to consider the subjective and objective components of his Eighth Amendment claim.
 
 
 4
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a party has moved for summary judgment and has met its burden of production, the non-moving party must present significant and probative evidence establishing a genuine issue of material fact in order to defeat the motion. Id. at 324; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986).
 
 
 5
 Upon de novo review, we conclude that summary judgment was properly granted for the defendants. Sutherland contends that the district court erred in concluding that he did not have a medical condition which required a smoke-free environment and that the district court's Eighth Amendment analysis did not properly evaluate the objective and subjective components of this claim. Prison authorities may be sued for deliberate indifference to the serious medical needs of prisoners under the Eighth Amendment when such indifference constitutes the unnecessary and wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment claim has an objective and subjective component. Wilson v. Seiter, 111 S.Ct. 2321, 2324-26 (1991). The objective component requires that the condition be serious while the subjective component requires the offending, non-penal conduct to be wanton. Id.
 
 
 6
 The medical evidence filed by the parties shows that medical personnel had examined Sutherland on several occasions for sinus problems. As a result of these visits, Sutherland was prescribed antibiotics which relieved the apparent infections. During these visits, it was suggested that Sutherland be placed in a smoke-free environment. Contrary to Sutherland's contentions, the medical reports do not indicate that a smoke-free environment was prescribed. Despite not being prescribed a smoke-free environment, prison officials did place Sutherland in a no-smoking section of the prison. Given that Sutherland's sinus infections were successfully treated with antibiotics and that prison officials complied with Sutherland's request by placing him in a no-smoking housing unit, we conclude that the defendants did not show a deliberate indifference to Sutherland's medical needs. Estelle, 429 U.S. at 104.
 
 
 7
 Sutherland also argues that the district court erred by concluding that he was placed in a no-smoking unit. However, Sutherland's own evidence establishes that his housing unit was in a no-smoking area and that prison officials enforced the smoking prohibition by transferring prisoners who violated the rule. Finally, we conclude that the district court did not abuse its discretion in not conducting an evidentiary hearing prior to granting defendants' motion for summary judgment.
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.